By the Court.—Truax, J.
The principal questions discussed upon the argument of this appeal related to alleged errors in the refusal of the court to charge certain propositions requested by the defendant, and in charging certain propositions to which the defendant excepted.
One of these requests was : “ That the proof shows that the defendant has complied with the requirements, conditions and plans established by the Commissioners of Rapid Transit appointed by the act of 1875, and that the legislature has authorized the defendant to operate the railroad in question upon a structure, built according *21 to the plans, and according to the specifications and requirements established by said Commissioners, and therefore the defendant cannot be held responsible for damages occasioned by such operation, provided such operation be carefully and properly conducted.” This was charged in substance by the court, when it charged that the defendants had a right to run trains on their elevated railroad along and through West Broadway by steam, and that for consequences incidental to a careful and skillful operation of that road they were not responsible ; that there was no evidence of negligence in the original construction of the road; and that the road was well built, and built according to the special requirements of the law. The court also charged that in order to recover the plaintiff must establish, by competent proof, that his injury was caused by some negligence or want of' care on the part of the defendants in the operation of their road.
The defendant also excepted to the refusal of the court to charge “ that the preponderance of evidence is not sufficient in this case to authorize the jury to find that the injury to plaintiff was occasioned by the negligent operation of the railroad in question by defendant.” This exception is not well taken. There was evidence that the "defendant had allowed particles or scales of iron to accumulate upon portions of the structure, which particles were likely to be and were blown down by the wind, or knocked off by the motion of the cars along the track; that it was one of these particles which caused the injury to the plaintiff, and that by the exercise of ordinary care and attention the accumulation of these particles could be prevented. While the defendant is not bound as against the plaintiff, to add to the construction and equipment of its road and its cars the best and most select safeguards which human skill and ingenuity from time to time have invented and brought into use to prevent accident, it is bound to use due diligence and care in operating its road, so as not to cause injury to others. *22 If it has failed to use this due diligence and care, then it is hable to one injured for its failure. There was evidence offered which tended to show that there was such a failure, and therefore it was not error for the court to refuse to charge as requested by the defendant.
These remarks apply to the request of the defendant to charge that the defendant is only obliged to use such contrivances as are in known practical use under similar or parallel circumstances, and to the other request that the placing of iron strips or pans, as testified, relates to the construction and not to the management or operation of the road.
The defendant also excepted to the refusal of the court to charge “ that there is no evidence that the particles which injured plaintiff had accumulated upon the structure, other than the inferences which may be drawn to that effect from the circumstances testified to.” This request admitted that the jury would be authorized in inferring from the evidence that the particles which injured the plaintiff had accumulated upon the structure. If such an inference could be drawn from the testimony, then it was not error for the court to refuse to charge as requested. But the court did charge, “ that the plaintiff, in order to recover, must establish by competent evidence, that if the defendant had done its duty, within the rule laid down by the court, the escape of that particular particle of iron would not have taken place;” that the jury must be able to form a judgment as to where that particular piece of iron came from; and that unless plaintiff’s case came up to all these requirements, the verdict of the jury must be for the defendant.
The defendant excepted to the refusal of the court to charge a that it was not obliged to use appliances which would produce other kinds of injury, even if such appliances would prevent the accident in question.” And defendant also objected to the charge of the court that “ it was the duty of the defendant to take all *23 reasonable measures to guard against such injurious consequences, even if that involved the making of additional fixtures, not contemplated from the beginning, so long as their adoption did not involve a radical change in the general construction of the road.” There was no error in either one of these rulings by the court. The charge was in substance, as before stated, “ that the defendant was not bound to use the best and most select safeguards which human skill and ingenuity have invented and brought into use to prevent accident, but that it was bound to use due care and skill in operating its road.” What that due care and skill was the court instructed the jury.
One of the plaintiff's witnesses was asked if he knew of any device that would prevent a paring from falling into the street below. This the defendant objected to' upon the ground that it is immaterial rvhether the witness does know of any device that would, in his opinion, prevent it, and upon the ground that the legislature has designated exactly the way in which the road must be constructed in the act of 1875, chapter 606. This objection was overruled and the defendant duly excepted. The question was not directly answered. The witness did not mention any device but said that it would be quite competent for the defendant to have its trackmen regularly as they go along the structure, make it a part of their duty to scrape this material as it accumulates, and before it gets to be dangerous, into little pans which they could remove, and thus prevent it from dropping into the street, without any addition to the structure whatever—simply the exercise of care and judgment in the working of the road.
The liability of the defendant is defined in the case of Steinweg v. Erie Railway Co., 43 N. Y. 123, as follows : “ The defendant was negligent if it failed to adopt the most approved modes of construction and machinery in known use in the business, and the best precautions in *24 known practical use for securing safety; in other words, if there were known and in use any apparatus or contrivance which, applied to the engine or to the track, would prevent the falling of dust and cinders into the streets, it was negligence in the defendant if it did not avail itself of such apparatus; but it was not bound to use every possible prevention which the highest scientific skill might have suggested, nor to adopt an untried machine or mode of construction.” The defendants had used the road for some years prior to the happening of the accident, and experience must have taught them that dust and flakes of iron were likely to accumulate on the track and be blown by every breeze into the street. They knew that the street was used, and that it was. not mprobable that the falling dust would cause injury to hose beneath the track. For this reason a high degree ,)f care is required of the defendant.
Sweeping the dust from the tracks in the manner suggested by one of the witnesses is a means of preventing an accident of the kind complained of in this case, so patent and so easy that it should have been employed by the defendant. It did not need that the witness should testify that such an appliance was in practical use, because the mere mentioning of it shows its worth. To sweep the dust from the track would have perhaps required the employment of a few more servants by the defendant and thereby increased the expense of operating the road, but that is no reason that the defendant should injure others. It had control over the cause of the accident and for its failure in not exercising that control'it was negligent.
These questions were properly asked in rebuttal. The defendant had sought to show that the dust and filings could be kept from falling into the street only at a great expense, and the answer to these questions tended to show that the filings and dust could be kept from falling into the street with little expense and without much trouble.
*25 We are of the opinion that the judgment and order should be affirmed, with costs to the respondent.
Sedgwick, Ch. J., and Ddgro, J., concurred.